**FROM: The District Court of the 4th Judicial District. County of Missoula.**

STATE OF MONTANA,
Plaintiff,                                          NO. 10940 & 10941
vs.                                                 DECISION
Vance Leon Pope,
Defendant.

On July 12, 1994, the defendant was sentenced to a term of thirty (30) years on Count I: Sexual Intercourse Without Consent, a Felony, and to a term of ten (10) years on Count II: Kidnapping, a Felony, to be served in the Montana State Prison. That,

however, Defendant's sentence on Count II is hereby suspended on terms and conditions as stated in the July 12, 1994 judgment. Said sentences shall run consecutively with each other. It is the recommendation of the Court that the defendant complete the sexual offender program at the Montana State Prison prior to becoming eligible for parole. Pursuant to 46-18-202(e), M.C.A., the Court imposes as a condition of any parole or early release that the defendant shall be required to pay a fee through the Clerk of the District Court in the amount of Forty dollars ($40.00) ($20.00 on each count) to go to the County Attorney Surcharge Fund as provided in Section 46-18-236, M.C.A.; that the Defendant shall pay the cost of prosecution in the amount of One Thousand Six Hundred Thirty-five Dollars ($1,635.00); that the defendant shall reimburse Missoula County for the cost of the Defendant's Court appointed attorney in the amount of Three Thousand Two Hundred Thirteen Dollars ($3,213.00); that the defendant shall pay restitution to the victims for any costs of treatment that they may incur; and that the defendant shall pay the cost of incarceration in the amount of Eight Thousand Five Hundred Eighty-eight Dollars ($8,588.00) (The Defendant may perform community service for one-half of the cost of the incarceration.) The defendant shall pay the financial obligations on a schedule which the defendant shall devise with the Probation Officer as soon as possible after the defendant is released, if the defendant is released. It is further ordered that the defendant shall register as a sexual offender, pursuant to Section 46-23-504 and 46-23-505, M.C.A., with the Department of Institutions, Chief of Police, and Sheriff of the County wherein he resides for a period of ten (10) years following his release from custody. The defendant shall further notify any law enforcement agency with whom he was last registered of any change in address as further set forth under the law and register with the Department of Institutions, Chief of Police and Sheriff if he should change his address during this ten (10) year period. Defendant shall be designated a dangerous offender for the purposes of parole. Defendant shall receive credit for time served at Missoula County Jail from November 29, 1993, through July 12, 1994, in the amount of two hundred twenty-six (226) days.

On May 12, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by David Stenerson, attorney from Missoula. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence is hereby amended to read as follows:

1. The defendant shall be committed on Count I, Sexual Intercouse Without Consent, a Felony to the Montana State Prison for a period of twenty (20) years and is designated a dangerous offender.

2. The defendant shall be committed on Count II, Kidnapping, a Felony, to the Montana State Prison for a period of ten (10) years, all of which is suspended.

3. Counts I and II shall run consecutive.

The reasons for the amended judgment are: 1. To give consistency in sentencing and to make it more in line with sentences of similar nature. 2. The amendment will more closely follow the recommendations of the Pre-Sentence Investigation.

Done in open Court this 12th day of May, 1995.

DATED this 23rd day of May, 1995.

**Hon. John Warner, Chairman, Hon. Robert Boyd, Alternate Member, and Hon. Jeffrey M. Sherlock, Member.**

The Sentence Review Board wishes to thank David Stenerson, attorney from Missoula for his assistance to the defendant and to this Court.